UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00293-MOC

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ANTHONY JOSEPH POLK, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion Requesting Reinstatement of Federal Probation (#108). Read liberally, defendant appears to request that he be returned to supervised release following completion of his state sentence on eluding arrest. It simply is not possible to restore defendant to supervised release without first conducting a Supervised Release Violation hearing, at which it will be determined whether a violation occurred and then what action to take. These events will occur when defendant completes his state sentence and he is returned to federal court on the detainer.

Reading his request even broader, defendant may be requesting that the warrant issued upon the SRV petition, serving as a detainer lodged with state authorities, be acted on while he is in state custody. Read in this manner, defendant may be attempting to invoke rights under the *Interstate Agreement on Detainers Act* ("IADA"), 18 U.S.C.App. 2 § 2. The IADA is an agreement enabling a state (defined to include the federal government) to obtain custody of a prisoner held by another state to try the prisoner on criminal charges. Reed v. Farley, 512 U.S. 339, 341 (1994). When read in such manner, defendant, may be requesting final disposition of the Petition alleging

1

a supervised release violation, 18 U.S.C.App. 2, § 2, Art. III(c), within the 180 days allowed under the IADA. 18 U.S.C.App. 2, § 2, Art. III(a).

> It is the prisoner's responsibility to "have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint." Id. The 180-day time period detailed in Article III(a) "does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him."

United States v. Thomas, 342 Fed. Appx. 891, 892–93 (4th Cir. 2009)(citation omitted). The Court notes that no certificate of service has been attached to the instant motion and that the "prosecuting officer" has not been served with this motion.

Whether the IADA applies to SRV proceedings is not reached. However, the Court notes that at least one other trial court in the Fourth Circuit has determined that the IADA does not apply to petitions for violation of supervised release: "it is clear that a detainer arising from a federal parole violation (to which a violation of supervised release is analogous) is not covered by the IAD[A]." United States v. Barber, 998 F. Supp. 639, 640 (D. Md. 1998) (Smalkin, J.), citing Hopper v. United States Parole Comm'n, 702 F.2d 842, 846 (9th Cir. 1983). "[S]upervised release revocation proceedings are not stages of a criminal prosecution." United States v. Soles, 336 Fed. App'x. 287, 289 (4th Cir. 2009), citing United States v. Santana, 526 F.3d 1257, 1262 (9th Cir. 2008). See also Moody v. Daggett, 429 U.S. 78 (1976).

In an abundance of caution, the Court has deemed the motion to be a *possible* request under the IADA. Even though persuasive authority indicates that the IADA may not apply to a petition for supervised release violations, the Court will, in an abundance of caution, await a Response from the government inasmuch as the consequences of failing to comply with the IADA are substantial.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion Requesting Reinstatement of Federal Probation (#108), is **DEEMED** to be a possible request for a Request for Final Disposition under the IADA, to which the government shall respond within 14 days.

Signed: April 23, 2018

Max O. Cogburn Jr.
United States District Judge