UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-293-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ANTHONY JOSEPH POLK,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's *pro se* Motion Requesting Reinstatement of Federal Probation. This court previously construed defendant's motion (#108) as a request for final disposition of his alleged supervised release violation under the Interstate Agreement on Detainers Act ("IADA"), and requested the government file an appropriate response, which the government has now done (#111).

After closely reviewing defendant's motion and the government's response, the court will deny defendant's motion. It is true that the IADA gives a prisoner the right to demand speedy disposition of any untried "indictment, information, or complaint" that is the basis of a detainer. 18 U.S.C. App. 2, Article III(a). However, the Supreme Court has held that the time limitation imposed in Article III of the IADA does not apply to probation-violation detainers. Carchman v. Nash, 473 U.S. 714, 734 (1985). A wide array of federal courts have since applied the Carchman decision to federal supervised release violations as well. See United States v. Gomez-Diaz, 415 F. App'x 890, 894 (10th Cir. 2011) (unpublished); United States v. Barber, 998 F. Supp. 639, 640 (D. Md. 1998) (holding that violations of parole and supervised release are analogous); see also

United States v. Ruiz-Avarez, 2010 WL 3063919, *1 (D. Ore. 2010); United States v. Valenzuela-Ramos, 2010 WL 1511559, *1 (D. Ariz. 2010); United States v. Burnias, 2007 WL 1813195, *2 (S.D. Tex. 2007); United States v. Garcia-Garcia, 2010 WL 652835, *1 (S.D. Ill. 2010). Such case law demonstrates that the time limitation imposed in Article III of the IADA does not apply to detainers issued in connection with supervised release violations. Accordingly, the IADA provides no legal basis for defendant to demand a final disposition of the outstanding supervised release violations while he continues to serve his North Carolina state sentence. Having thus considered defendant's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that, to the extent defendant's *pro se* Motion Requesting Reinstatement of Federal Probation (#108) seeks relief under the IADA, defendant's *pro se* motion is **DENIED**.

Signed: May 8, 2018

Max O. Cogburn Jr.
United States District Judge